UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**20 CV 71**

--------------------------------------------------------------X

JOSEPH KRUPPENBACHER,

                PLAINTIFF             Civil Case No. _____

       V.

ANTHONY J. ANNUCCI, Acting Commissioner        **CIVIL RIGHTS**

sued in his official and individual capacity        **COMPLAINT**

                                     **PURSUANT TO**

                             **42 U.S.C. § 1983**

KAREN BELLAMY, former Director of Inmate Grievance Program;

sued in her official capacity

THOMAS R. GRIFFIN, former Superintendent GHCF;

sued in his official and individual capacity

LAURA A. STANAWAY, Inmate Grievance Program Supervisor GHCF;

sued in her official and individual capacity

CHRISTOPHER A. BATISTA, Correctional Officer;

sued in his official and individual capacity

RECEIVED JAN - 2 2020 PRO SE OFFICE

KEITH G. CHASE, Correctional Officer;

sued in his official and individual capacity

1.

PETER H. CLAUSEN, Correctional Officer;
sued in his official and individual capacity

ROBERT J. DESANTIS, Correctional Officer;
sued in his official and individual capacity

THOMAS J. FORGARETTA, Correctional Officer;
sued in his official and individual capacity

JASON GRASSO, Correctional Officer;
sued in his official and individual capacity

RICHARD M. KELLY, Correctional Officer;
sued in his official and individual capacity

CARLOS E. LAMPON, Correctional Officer;
sued in his official and individual capacity

LYRIS E. MATTIS, Correctional Officer;
sued in his official and individual capacity

SHAUN A. MEDINA, Correctional Officer;
sued in his official and individual capacity

CARLOS MENDOZA, Correctional Officer;
sued in his official and individual capacity

MICHAEL E. PEARSON, Correctional Officer;
sued in his official and individual capacity

ERIC PINERO, Correctional Officer;
sued in his official and individual capacity

ANTHONY W. SAMBUCCO, Correctional Officer;
sued in his official and individual capacity

RYAN M. SMITH, Correctional Officer;
sued in his official and individual capacity

KEITH J. SPOSATO, Correctional Officer;
sued in his official and individual capacity

MARK A. WESLEY, Correctional Officer;
sued in his official and individual capacity

ROBERT J. WOMACSKO, Correctional Officer;
sued in his official and individual capacity

JOHN DOE #1, Sergeant; sued in his official and individual capacity

JOHN DOE #2, Correctional Officer; sued in his official and individual capacity

JOHN DOE #3, Correctional Officer; sued in his official and individual capacity

JOHN DOE #5, Correctional Officer; sued in his official and individual capacity

JOHN DOE #6, Correctional Officer; sued in his official and individual capacity

JOHN DOE #7, Correctional Officer; sued in his official and individual capacity

JOHN DOE #8, Correctional Officer; sued in his official and individual capacity

JOHN DOE #9, Correctional Officer; sued in his official and individual capacity

JOHN DOE #10, Correctional Officer; sued in his official and individual capacity

JOHN DOE #12, Correctional Officer; sued in his official and individual capacity

JOHN DOE #13, Correctional Officer; sued in his official and individual capacity

JOHN DOE #14, Correctional Officer; sued in his official and individual capacity

JOHN DOE #15, Correctional Officer; sued in his official and individual capacity

JOHN DOE #16, Correctional Officer; sued in his official and individual capacity

JOHN DOE #17, Correctional Officer; sued in his official and individual capacity

JOHN DOE #18, Correctional Officer; sued in his official and individual capacity

Defendants
                                                            X

## COMPLAINT WITH JURY DEMAND

Plaintiff in the above-captioned action alleges as follows:

## INTRODUCTION

This is a civil rights action filed by Joseph Knuppenbacher, state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983 for the denial of the freedom of speech violation of the First Amendment of the United States Constitution. The denial to be free from unreasonable searches and seizures of both his person and property in violation of the Fourth Amendment of the United States Constitution. Alleging excessive use of force, denial of medical care, basic necessities of life and freedom from abuse and harassment in

5.

In violation of the Eighth Amendment of the United States Constitution. The denial of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The violation of the Americans with Disabilities Act.

## JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant 28 U.S.C. §§ 1331, 1343 (3) and (4), and 2201. The Court has supplemental jurisdiction over the plaintiff's state law tort claim under 28 U.S.C. § 1367.

## PARTIES

1. The plaintiff, Joseph Kruppenbacher, was incarcerated at the Green Haven Correctional Facility during the events described in the complaint.

2. That each and everyone of the defendants at all relevant times were acting under the color of state law.

3. That the address for each and everyone of the defendants is Albany, New York.

PLACE OF CONFINEMENT

1. The plaintiff, Joseph Kruppenbacher was incarcerated at the Green Haven Correctional Facility in Stormville, New York, during the events described in the complaint.

2. There was a grievance procedure in place at the Green Haven Correctional Facility.

3. There the plaintiff not only submitted a grievance to each and every fact in this complaint,

4. but he also exhausted all of his administrative remedies before filing this complaint by filing an appeal in a timely manner at each step.

5. However in nearly every step at all relevant times the grievant was denied the grievance process.

7

## PREVIOUS LAWSUITS

1. Loss of Property Claim

   a. Plaintiff:                        Joseph Kruppenbacher

   b. Defendant:                        State of New York

   c. Court of Claims:                  County of Albany

   d. Docket number:                    127093

   e. Name of Judge assigned:           Hon. Frank P. Milano

   f. Disposition:                      denied

   g. Date of filing:                   December 9, 2015

   h. Date of disposition:              June 2, 2016


2. Loss of Property Claim

   a. Plaintiff:                        Joseph Kruppenbacher

   b. Defendant:                        State of New York

   c. Court of Claims:                  County of Albany

   d. Docket number:                    127400

   e. Name of Judge assigned:           Hon. Frank P. Milano

   f. Disposition:                      denied

   g. Date of filing:                   January 21, 2016

   h. Date of disposition               July 22, 2016

PREVIOUS LAWSUITS

3. ARTICLE 78
   a. Plaintiff:                          Joseph Kruppenbacher
   b. Defendant:                          Steve Racette, Superintendent CCF
   c. Clinton County Supreme Court
   d. Docket number:        Index #2014-1719   RJI# 09-1-2014-0663
   e. Name of Judge assigned:             Hon. Philip V. Cortese
   f. Disposition:                        granted in part and denied in part
   g. Date of filing:                     November 18, 2014
   h. Date of disposition:                October 5, 2015


4. ARTICLE 78
   a. Plaintiff:                          Joseph Kruppenbacher
   b. Defendant:                          Department of Correctional Services
   c. Clinton County Supreme Court
   d. Docket number:        Index #2015-1122   RJI# 09-1-2015-0463
   e. Name of Judge assigned:             Hon. Philip V. Cortese
   f. Disposition:                        denied
   g. Date of filing:                     July 9, 2015
   h. Date of disposition:                May 3, 2016

9.

## PREVIOUS LAWSUITS

5. ARTICLE 78

    a. PLAINTIFF:            Joseph Kruppenbacher

    b. DEFENDANT:         Thomas Griffin, Superintendent GHCF

    C. DUTCHESS COUNTY SUPREME COURT

    d. DOCKET NUMBER:       1251-2017

    e. NAME OF JUDGE ASSIGNED:   HON. DENISE M. WATSON

    f. DISPOSITION:          denied

    g. DATE of filing:        May 31, 2017

    h. DATE of disposition:     March 28, 2018

6. ARTICLE 78

    a. PLAINTIFF:            Joseph Kruppenbacher

    b. DEFENDANT:         Thomas Griffin, Superintendent GHCF

    C. DUTCHESS COUNTY SUPREME COURT

    d. DOCKET NUMBER:       512-2017

    e. NAME of JUDGE assigned:   HON. PETER M. FORMAN

    f. DISPOSITION:          pending

    g. DATE of filing:        March 15, 2017

    h. DATE of disposition: PURSUANT TO CPLR § 7804(g) TRANSFERRED TO September 15, 2017 Appellate Division, Second Department

10.

PREVIOUS LAWSUITS

7. Article 78

   a. Plaintiff:                  Joseph Kruppenbacher

   b. Defendant:             Anthony Annucci, Acting Commissioner

   c. Albany County Supreme Court

   d. Docket number:        4195-17

   e. Name of Judge assigned:  Hon. Richard I. McNally Jr.

   f. Disposition:           denied

   g. Date of filing:        June 30, 2017

   h. Date of disposition:    March 23, 2018

8. Civil Rights Complaint 42 U.S.C. § 1983

   a. Plaintiff:                  Joseph Kruppenbacher

   b. Defendant:             Anthony J. Annucci, Acting Commissioner, et. al.

   c. United States District Court - Northern District of New York

   d. Docket number:        9:16-cv-01436-GKS-TWD

   e. Name of Judge assigned:  Hon. Brenda K. Sannes

   f. Disposition:           dismissed

   g. Date of filing:        December 5, 2015

   h. Date of disposition:    May 30, 2018

STATEMENT OF FACTS

1. On November 3, 2015 prison guard Robert Womacsko (Womacsko) denied the plaintiff from going to the Law Library.

2. On November 5, 2015 Womacsko pulled the plaintiff aside, letting all others to go out to the recreation yard first.

3. There Womacsko then put the plaintiff on the wall, kicking him in the legs, knocking him to the floor more than once and causing him pain.

4. Womacsko then threaten the plaintiff with being further assaulted.

5. Here prison guards Carlos Lampon (Lampon), Mark Wesley (Wesley), Keith Chase (Chase) and Anthony Sambucco (Sambucco) all stood by looking on and did nothing to restrain Womacsko, nor to aid the plaintiff.

6. On November 6, 2015 the plaintiff was denied going to the Law Library when his cell on five company in A-Block was not opened up by prison guard John Doe #2.

7. On November 7, 2015 the plaintiff just after returning from the second meal of the day, was put on the wall by Womacsko. There Womacsko kicked the plaintiff in the legs, knocking him to the floor several times. Once his head hit a food cart, another time his hip hitting the floor, all causing the plaintiff considerable pain.

8. Once back up on the wall, Womacsko the struck the plaintiff quite forcibly in the genitals, then grabbing and pulling them, causing more pain to him,

9. Telling the plaintiff how did he like that for molesting little boys, and

## STATEMENT OF FACTS

10. THAT THEY THERE WERE going To Kill him for THAT.

11. As The plaintiff was now not only having difficulty with walking, but with just standing, he was denied medical services by Womacsko.

12. Here prison guards Keith Sposato (Sposato), Patrick Clausen (Clausen) and Robert DeSantis (DeSantis) all stood by looking on and did nothing To restrain Womacsko, nor To aid The plaintiff.

13. That afternoon The plaintiff was denied from going To The recreation yard when DeSantis did not open his cell on five company in A-Block.

14. That evening The plaintiff was denied chow by his cell not being open by prison guard John Doe #3 under The instructions of Womacsko, and Then

15. later going To The recreation yard.

16. On November 9, 2015 The plaintiff was denied going To The Law Library by Lyris Mattis (Mattis) by not opening his cell.

17. That afternoon Mattis denied The plaintiff from going To The recreation yard by not opening his cell.

18. That evening prison guard Thomas Forcaretta (Forcaretta) by not opening The cell of the plaintiff denied him The Third meal of The day, and Then

19. going To The recreation yard.

20. On November 14, 2015 just before going To The recreation yard in the morning, Womacsko put The plaintiff on The wall, and while searching The plaintiff, harassed him with demeaning and derogatory remarks.

STATEMENT OF FACTS

21. Later that afternoon just before going out to the recreation yard, the plaintiff was put on the wall by prison guard John Doe #4, there he was not only harassed with demeaning remarks, but struck in the back while being searched and denied property.

22. On November 19, 2015 Womacsko denied the plaintiff from going to the Law Library.

23. On November 20, 2015 the plaintiff was denied first meal of day,

24. and posting correspondence when Shaun Medina (Medina) did not open his cell.

25. On December 3, 2015 Womacsko denied the plaintiff from going to the General Library, then harassed him in a profane manner and throwing his identification card on the floor out of the block.

26. Later that afternoon Womacsko pulled the plaintiff aside, putting him on the wall and letting all others go out to the recreation yard.

27. There Womacsko the repeatedly kicked the plaintiff, knocking to the floor a number times.

28. Each time as the plaintiff tried getting up would continue kicking the plaintiff, telling he was not getting up fast enough.

29. During this time Womacsko kicked the sneaker of the feet of plaintiff

STATEMENT OF FACTS

30. Womacsko would then continue kicking the plaintiff as he tried putting his sneakers back on, and ordered him to put them on the wrong foot.

31. Again Womacsko would continue kicking the plaintiff as he tried tying his sneakers, telling he was not allowed to do that.

32. All during this the plaintiff was subjected to profane demeaning and derogatory remarks from Womacsko.

33. As a result of all this the plaintiff suffered a great deal of pain and difficulty in trying to walk for many days thereafter.

34. The plaintiff was then denied medical attention by Womacsko and told to lock back in his cell.

35. All during the entire time prison guards Lampon, Chase, Michael Pearson (Pearson), Christopher Batista (Batista), Ryan Smith (Smith) and Eric Pinero (Pinero) all stood by looking on and did nothing to restrain Womacsko, nor to aid the plaintiff.

36. That evening the plaintiff was denied going to the recreation yard when his cell was not opened up by prison guard Carlos Mendoza (Mendoza).

37. On December 4, 2015 the plaintiff reported his injuries to Nurse Christine Raffaele (Raffaele).

38. Raffaele issued a "Mandatory Clinic Appointment" slip to see his clinic provider at 10:00 am that morning.

STATEMENT OF FACTS

39. The plaintiff gave a copy of That To Lampon and informed him that he was To be issued a pass To go To medical services.

40. Instead Lampon denied The plaintiff a pass and ordered him To lock back into cell.

41. Later at noon as The plaintiff was standing in line To go To eat, he was Taken by a Sergennt John Doe #1 and Two prison guards To medical.

42. There The plaintiff was denied The second meal of The day when he requested it.

43. That evening Mendoza Told The plaintiff he was keep-locked and denied him The Third meal of The day.

44. On December 5, 2015 The following day The plaintiff was kept on keep-lock and denied all Three meals That day, and

45. denied going To The recreation yard and The use of a Telephone.

46. On December 6, 2015 at about 7:45 am The plaintiff was Taken from his cell (278) on Five company in A-Block by prison guard Richard Kelly (Kelly) and put on The wall at The other end of The gallery.

47. There Kelly not only verbally abused and Threaten The plaintiff, but

48. Struck The plaintiff in The back of The head, causing him a great deal of pain and dizziness.

16.

## STATEMENT OF FACTS

49. Kelly Then grabbed The plaintiff from behind and Threw him Through The gallery gate, causing The plaintiff To sTike one knee on The floor and more pain as he fell

50. Kelly Then grabbed plaintiff, yanking him off The floor and dragged him all The way back To his cell which was nearly at The other end of The gallery.

51. This was all done while prison guards John Doe #5 and 6 Stood by looking on and doing noThing To resTrain Kelly, nor To aid The plaintiff.

52. Kelly Took The I.D. card of The plaintiff and refused To reTurn it.

53. Here The plaintiff was The Keeplocked and denied all Three meals, and

54. going To The recreation yard and The use of a Telephone That day.

55. During That day The plaintiff informed prison guards John Doe #7 and 8 Taking The go-around list of his need To be provided with an I.D. card.

56. On December 7, 2015 The plaintiff was still KepT Keep-locked and

57. denied all Three meals That day, and

58. from going To The Law Library, and

59. from going To The recreation yard and The use of a Telephone.

60. During That day The plaintiff informed prison guards John Doe #9 and 10 Taking The go-around list of his need To be provided with an I.D. card.

61. On December 8, 2015 The plaintiff was sTill KepT Keep-locked and denied

62. The first Two meals of The day by prison guard John Doe #11.

17.

STATEMENT OF FACTS

63. That morning the plaintiff was also denied from going to sick-call, and

64. To a dental appointment in the afternoon by prison guard John Doe #11.

65. That evening prison guard John Doe #12 denied the plaintiff third meal,

66. and from going to the recreation yard and the use of a telephone.

67. During that day as prison guards John Doe #11 and 12 were taking the go-around list, the plaintiff informed them of his need to be provided with and ID card.

68. On December 8, 2015 the plaintiff informed prison guards John Doe #13 and 14 taking the go-around list of his need to be provided with an ID card.

69. Here prison guard Jason Grasso (Grasso) denied the plaintiff the second meal of the day, and

70. from going to the recreation yard and the use of a telephone.

71. On December 10, 2015 the plaintiff informed prison guards John Doe #15 and 16 taking the go-around list of his need to be provided with an ID card.

72. That day Grasso denied the plaintiff from going to the first two meals,

73. To the Package Room to receive his typewriter and legal books, and

74. To recreation yard and the use of a telephone.

75. On December 11, 2015 the plaintiff informed prison guards John Doe #17 and 18 taking the go-around list of his need to be provided with an ID card.

76. That morning Grasso denied the plaintiff the first meal of the day.

18.

STATEMENT OF FACTS

77. Later that morning Grasso and Womacsko denied the plaintiff from going to the Law Library.

78. Grasso and Womacsko then denied the plaintiff the second meal of the day, and

79. Then a scheduled dental appointment, and

80. From going to the recreation yard and the use of a telephone.

81. During the course of the day Grasso threaten the plaintiff to never write another grievance, nor

82. To ever come out of his cell again if he did not have an ID card.

83. Also during the course of the past several days, Grasso denied the plaintiff from speaking with a sergeant or any supervisor on the matter of not having or provided with an identification card.

84. Grasso would also deny the plaintiff from posting a letter to the Identification Room for the need of an ID card.

85. On April 6, 2016. The plaintiff sent a letter to the Acting Commissioner Anthony J. Annucci (Annucci), with a copy to Karen Bellamy (Bellamy), Thomas Griffin (Griffin), Laura Stanaway (Stanaway) and the Office of the Inspector General, putting them on notice of the lack of receiving any response to most of his grievances from November 4, 2015 through February 8, 2016.

19.

## STATEMENT OF FACTS

86. During that period of time the plaintiff had submitted ninety-one (91) grievances.

87. During that time the plaintiff only received seven (7) "Acknowledgement of Receipt" (AR) to his grievances,

88. with three (3) grievances being consolidated as one (1) and two (2) as one (1), and

89. with only three (3) Inmate Grievance Resolution Committee (IGRC) responses, to which the plaintiff was never called, and

90. only two (2) Superintendent responses, and

91. no response from the Central Office Review Committee (CORC).

92. Of all those grievances, forty-nine (49) were submitted from November 4, 2015 through December 14, 2015.

CAUSES OF ACTION

93. The physical assaults and battery that the plaintiff suffered caused him both physical and emotional injuries was in violation of the Eighth Amendment.

94. The failure of prison guards to actively protect and/or defend the plaintiff when he was being physically assaulted and battered constituted a deliberate indifference to the well being of plaintiff was in violation of the Eighth and Fourteenth Amendments.

95. The failure of the higher level officials to act on the knowledge of the continuous acts of physical assaults and battery and harassment by prison guards constituted a deliberate indifference to the needs of the plaintiff to be safe and secure from such acts was in violation of the Eighth and Fourteenth Amendments.

96. The threats and verbal harassment with profane, demeaning and derogatory remarks to the plaintiff was in violation of the Eighth and Fourteenth Amendments.

97. The refusal to allow the plaintiff to receive medical and dental care was in violation of the Eighth and Fourteenth Amendments.

98. The denial of the plaintiff reasonable and equal access to the law library was in violation of the First and Fourteenth Amendments.

99. The denial of the plaintiff to be able to post correspondence was in violation of the First and Fourteenth Amendments.

CAUSES OF ACTION

100. The denial of the or hindrance of the plaintiff to receive legal books was in violation of the First, Fourth and Fourteenth Amendments.

101. The refusal to respond to grievances and/or the appeals of them constituted retaliation for petitioning government for redress to those violations, was therefore a violation of the First and Fourteenth Amendments.

102. As the plaintiff was a known diabetic, and thus was far more susceptible to dangerous health issues, and the unlawful practice not to provide him a meal, constituted a deliberate and depraved indifference to his health and medical needs, was in violation of the Eighth and Fourteenth Amendments, the State of New York law and the Americans with Disabilities Act.

103. There was a course of conduct and pattern where the unlawful practices of conduct that deprived the plaintiff of rights, privileges and immunities secured and protected by the Constitution, laws of the United States and/or the State of New York that amounted to and were meant to be in retaliation. That there was a temporal proximity to the submitting a grievance and the retaliatory acts, and the proximity of each of those acts amounted to nothing less than a conspiracy by the prison guards, that this was all in violation of the First, Fourth, Eighth and Fourteenth Amendments.

22.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff request this court grant the following relief:

A. Issue a declaratory judgement stating that:

1. The physical abuse of the plaintiff by the defendants violated the plaintiff's rights under the Eighth Amendment of the United States Constitution, and constituted an assault and battery under the State of New York law.

2. The failure of defendants whose duty it was to actively restrain the physical assault and abuses, nor aiding the plaintiff at the time of the physical assaults and abuses violated the plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution, and constituted assault and battery under the State of New York law.

3. The failure of defendants to take action to curb the physical abuse of the plaintiff, violated the plaintiff's rights under the Eighth Amendment of the United States Constitution, and constituted an assault and battery under the State of New York law.

4. That the defendants for failing to see that the plaintiff was provided adequate medical care when the plaintiff requested it, violated the plaintiff's rights under the Eighth Amendment of the United States Constitution and the State of New York law.

## PRAYER FOR RELIEF

5. The denial of the plaintiff going to the law library was in violation of the First and Fourteenth Amendments of the United States Constitution and the State of New York law.

6. The failure of defendants to respond to grievances and appeals thereof for petitioning the government for redress was in violation of the First and Fourteenth Amendments of the United States Constitution and the State of New York law.

7. That there was a temporal proximity in the continuous denial of any and/or other rights and privileges due the plaintiff, and the abuses suffered by the plaintiff, violated the plaintiff's rights under the First, Fourth, Eighth and Fourteenth Amendments of the United States Constitution, State of New York law and the Americans with Disabilities Act.

B. Award compensatory damages in the following amounts:

1. $1,000,000.00 jointly and severally against the defendants for the physical and emotional injuries sustained as a result of the physical assaults and battery to the plaintiff.

24.

## PRAYER FOR RELIEF

2. $1,000,000.00 jointly and severely against the defendants for the failure to protect and/or aid the plaintiff from the physical and emotional injuries sustained as a result of the physical assaults and battery.

3. $500,000.00 jointly and severely against the higher level defendants for the failure to curb the physical assaults and battery sustained by the plaintiff.

4. $500,000.00 jointly and severely against the defendants for the physical and emotional injuries resulting from the failure to provide adequate and/or any medical care to the plaintiff.

5. $500,000.00 jointly and severely against the defendants for the physical and emotional injuries of the denial of meals for nourishment, thus putting the plaintiff's well being in greater danger than most due to his medical needs.

6. $500,000.00 jointly and severely against the defendants for the punishment and emotional injuries for the denial of going to the law library.

7. $250,000.00 jointly and severely against the defendants for the physical and emotional injuries for the failure to address his petitioning the government for redress to the denial of the rights, privileges and immunities.

<u>PRAYER FOR RELIEF</u>

8. $250,000.00 jointly and severely against the defendants for the physical and emotional injuries, for there was a temporal proximity that amounted to a conspiracy of a deliberate harassment of the plaintiff whenever he submitted a grievance.

9. $10,000.00 jointly and severely against the defendants for the physical and emotional injuries for the denial of receiving property through the package room.

C. Award punitive damages in the following amounts:

1. $1,000,000.00 jointly and severely against the defendants for the physical and emotional injuries sustained as a result of the physical assaults and battery to the plaintiff.

2. $1,000,000.00 jointly and severely against the defendants for the failure to protect and/or aid the plaintiff from the physical and emotional injuries sustained as a result of the physical assaults and battery.

3. $500,000.00 jointly and severely against the higher level defendants for the failure to curb the physical assaults and battery sustained by the plaintiff.

## PRAYER FOR RELIEF

4. $500,000.00 jointly and severely against the defendants for the physical and emotional injuries resulting from the failure to provide adequate and/or any medical care to the plaintiff.

5. $500,000.00 jointly and severely against the defendants for the physical and emotional injuries of the denial of meals to supply nourishment, thus putting the plaintiff's well being in greater danger than most due to his medical needs.

6. $500,000.00 jointly and severely against the defendants for the punishment and emotional injuries for the denial of going to the law library.

7. $250,000.00 jointly and severely against the defendants for the physical and emotional injuries for the failure to address his petitioning the government for redress to the denial of the rights, privileges and immunities.

8. $250,000.00 jointly and severely against the defendants for the physical and emotional injuries, for there was a temporal proximity that amounted to a conspiracy of a deliberate harassment of the plaintiff's whenever he submitted a grievance.

9. $10,000.00 jointly and severely against the defendants for the physical and emotional injuries for the denial of receiving property through the package room.

27.

<u>PRAYER FOR RELIEF</u>

D. GRANT such other relief as it may appear that the plaintiff is entitled to that is deemed just and proper, but with nothing less than five hundred thousand dollars ($500,000.00).

Pursuant to 28 U.S.C. section 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Respectfully submitted Pro Se,

Dated: July 1, 2019

*Joseph Kruppenbacher*

Joseph Kruppenbacher 09A2532

Clinton Correctional Facility
Post Office Box 2001
Dannemora, New York 12929

28.

Joseph Knuppenbacher 07A2352

Clinton ~~Correctional~~ Correctional Facility

Post Office Box 2001

Dannemora, New York 12929

**CERTIFIED MAIL**

7018 1830 0000 2661 4937

RECEIVED
JAN 2 2020
PRO SE OFFICE

U.S. POSTAGE PAID
PM 2-Day
DANNEMORA, NY
12929
DEC 23, 19
AMOUNT
**$0.00**
R2305H126819-02

1004    10007

US POSTAGE $002.70°
ZIP 12929
041M11272305
12/23/2019

Correctional Facility

USMP3
SDNY

Chief Clerk's Office

Pro Se Office

United States District Court

Southern District of New York

Daniel Patrick Moynihan United States Courthouse

500 Pearl Street

New York City, New York 10007

**RETURN RECEIPT
REQUESTED**

Legal Mail

